**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD LOZANO, | Civil Action No. |
| Petitioner, | 10-5439 (RBK) |
| v. |  |
| MARK KIRBY, | **MEMORANDUM OPINION** |
|  | **AND ORDER** |
| Respondent. |  |

**KUGLER**, District Judge:

   This matter comes before the Court upon Petitioner's filing of an application seeking habeas relief, pursuant to 28 U.S.C. § 2241 ("Petition"), and it appearing that:

1.  Petitioner filed his Petition asserting erroneous calculation of good-conduct-time credits ("GCTs") by the Federal Bureau of Prisons ("BOP"). See id.

2.  The Petition and the exhibits attached to it paint the following picture:[1]

   a.  In 2007, Petitioner was convicted to ten-year term of federal imprisonment by the United States District Court for the Eastern District of New York ("EDNY").

---

[1] See Docket Entry No. 1 (reflecting Petitioner's position and replicating the BOP's determinations); see also USA v. Lozano, Crim. Action No. 01-0072 (LDW) (EDNY) (filed Jan. 19, 2001, closed Aug. 16, 2007) (reflecting court records).

b.   At that point, Petitioner was about to be sentenced and begin serving his three-year state sentence or, in alternative, he was already sentenced to and serving that three-year state prison term.

c.   Shortly thereafter, Petitioner requested the BOP to find that Petitioner's 3-year state and 10-year federal sentences were imposed to run concurrently.  The BOP reviewed Petitioner's application and denied his request, finding that the sentences should run consecutively, with the federal sentence being triggered upon Petitioner's release from his 3-year state sentence.

d.   That determination caused Petitioner to move, on August 25, 2008, before the EDNY for reduction of his federal sentence so Petitioner's 3-year state prison term would effectively be subtracted from Petitioner's 10-year federal sentence.

e.   In response to Petitioner's motion, his federal sentencing judge held a hearing on May 1, 2009, and -- same day -- granted Petitioner's request, re-sentencing Petitioner to federal prison term of 7 years that superceded Petitioner's 10-year federal term.

f.   Although Petitioner's wish for serving, on his state and federal sentences, a total of ten years was satisfied, Petitioner now had only the chance to get GCT credits

      available to him under the newly-imposed 7-year federal sentence (rather than the GCT credit that might have been available to him under the now-invalidated 10-year federal sentence).

g.   Believing that he should have received GCT credits applicable to his now-invalidated 10-year federal sentence, Petitioner moved, on June 30, 2010, before the EDNY seeking grant of the GCT credits that he might have had under the old sentence. The EDNY denied his motion.

h.   Petitioner then filed an administrative grievance with the BOP asserting that he should be given GCT credits for the period of 3-years during which he was serving his state sentence.

i.   Since the BOP was effectively presented, simultaneously, with two requests from Petitioner, <u>i.e.</u>, (i) to grant Petitioner an opportunity to earn GCT credits for the three-year difference between Petitioner's original 10-year federal sentence and his superceding 7-year federal sentence; and (ii) to grant Petitioner credit for the now-long-served three-year state sentence, the BOP responded to Petitioner with an answer that addressed both these issues. With regard to the first request, the BOP explained to Petitioner that he could not receive GCT credits for the period he would not serve, <u>i.e.</u>, that,

    once Petitioner's federal sentence was changed from 10 years to 7 years, the maximum amount of GCT credits that Petitioner could earn became that applicable to a 7-year term. Construing Petitioner's second request as an application to designate Petitioner's service of his state sentence as his service of his current, 7-year federal term, the BOP declined Petitioner's application finding -- same as it did the year before -- that Petitioner's state and federal sentences should have run consecutively. With regard to this latter inquiry, the BOP conducted an applicable statutory analysis and relied on <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990).

j.   The BOP's response prompted Petitioner's filing of the instant Petition. The Petition indicates, in no ambiguous terms, that Petitioner was seeking from the BOP and is now requesting from this Court availability of the GCT credits that Petitioner could have earned under his old, now-invalidated 10-year federal sentence. The Petition also makes apparent that Petitioner was confused by the format of the BOP response since Petitioner developed an impression that the statutory analysis relevant to the inquiry addressed in <u>Barden</u> was, somehow, factored into the BOP's decision to deny him GCT credits. However, while not written with exemplary clarity, the

>   BOP's response clearly indicates that such considerations played no part in the BOP's determination that Petitioner could not possibly have GCT credits applicable to the term than he is no longer serving.

3.  Petitioner's instant Petition is facially without merit. In Barber v. Thomas, 130 S. Ct. 2499 (2010), the Supreme Court held that prisoners have no "pre-vested" rights to GCT credits. Accord Lynce v. Mathis, 519 U.S. 433, 445 (1997) (an inmate's eligibility for reduced imprisonment does not envision any fixed guarantee of release). In Barber, the prisoners contended that the statute required a calculation of GCT credits based upon the length of the term of imprisonment that the sentencing judge imposed, not the length of time that the prisoner actually served. The Supreme Court rejected that position and upheld the BOP's method of calculating GCT credits, noting that the BOP's method tracked the language of the statute by awarding a specific number of days of credit for the time actually served rather than for that hypothetically possible. The Supreme Court expressly pointed out that the method of basing the award of GCT credits on the sentence imposed rather than served would have resulted in the prisoners receiving GCT credit for a portion of the sentence that was not actually served, or was not served with actual good behavior.

3.  Here, Petitioner is requesting this Court to do what is expressly prohibited under <u>Barber</u>, <u>i.e.</u>, to give Petitioner GCT credits for the time which Petitioner would certainly not serve under his currently existing 7-year federal prison term. That this Court cannot do. While Petitioner might be disappointed with the loss of GCT credits that might have been available to him under his old, now-invalidated 10-year federal prison term, this disappointment cannot resuscitate Petitioner's old term which was fully superceded, for all purposes, including Petitioner's ability to earn GCT credits, by Petitioner's current 7-year term.

4.  In light of the foregoing, the BOP's determination declining Petitioner's request for an opportunity to earn GCT credit for the time which Petitioner will never be serving under his current federal sentence was not an abuse of discretion, and it will be upheld. <u>See</u> <u>Chevron U.S.A. v. Natural Resources Defense Council</u>, 467 U.S. 837, 842 (1984).

IT IS, therefore, on this  5th  day of     May    , 2010

ORDERED that Petitioner's application to proceed in this matter <u>in</u> <u>forma</u> <u>pauperis</u> is granted; and it is further

ORDERED that the Petition, Docket Entry No. 1, is denied; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and close the file on this matter.

<pre>
                              s/Robert B. Kugler
                              <b>ROBERT B. KUGLER</b>
                              <b>United States District Judge</b>
</pre>